P.M. Bessette (Bar No. 127588)
**DEMLER, ARMSTRONG & ROWLAND, LLP**
101 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone:   (415) 949-1900
Facsimile:   (415) 354-8380
Email:        bes@darlaw.com

Attorneys for Defendants
CHENG HU and XIAO LIANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CHEN and STEPHANIE CHAN,<br><br>Plaintiffs,<br><br>v.<br><br>CHENG HU and XIAO LIANG and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-05065-SK<br><br>San Mateo County Superior Court Case No. 21-CIV-03001<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Date: June 27, 2022<br>Time: 1:30 PM<br><br>Filed in State Court: June 1, 2021<br>Removed to NDCA: June 30, 2021<br>Trial Date: January 3, 2023 |

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 26 and Local Rule 26-1, Donald Chen and Stephanie Chan ("Plaintiffs") and Defendants Cheng Hu and Xiao Liang ("Defendants") and collectively the "Parties" hereby submit this Joint Report. This matter is set for a Case Management Conference on Monday, June 27, 2022 at 1:30 PM.

1. **Jurisdiction & Service**

This case was filed in San Mateo County Superior Court on June 1, 2021. Defendant filed a Notice of Removal on June 30, 2021, pursuant to diversity

jurisdiction, 28 U.S.C. § 1332(a).  Defendants Cheng Hu and Xiao Liang are citizens of the People's Republic of China.

### 2. Facts

#### A. Brief Statement of the Case

This action arises from a landslide on February 8, 2017.  Plaintiffs allege causes of action for Nuisance and Trespass with punitive damages claimed against the defendants.  The Complaint alleges that defendants Cheng Hu and Xiao Liang are the owners of residential property at 325 Moseley Road in Hillsborough, CA and asserts that a mudslide emanating from the Defendants' property on an unidentified date slid down to the Plaintiffs' backyard causing damages to their property at 200 Robinwood Lane.  The mudslide is alleged to have left loose soil and debris on Plaintiffs' property and has created an ongoing obstruction to Plaintiffs' enjoyment of their property.

Plaintiffs' nuisance cause of action asserts that Plaintiffs have reached out to Defendants for help to clear-out the loose soil and debris to which Defendants initially promised to help but eventually stopped responding and offered no assistance for the clean-up.  Plaintiffs claim that Defendants have intentionally failed to clean-up the property, have prevented Plaintiffs from enjoying their property and created an ongoing nuisance which has caused emotional distress.  They also claim that if the loose soil and debris remains on the property, it would cause additional damages to the property and further diminish the property's valve.  Defendants are claimed to have intentionally and maliciously ignored the Plaintiffs' request for help to remove loose soil and debris, which is intentional to maintaining the obstruction on Plaintiffs' property and serves as grounds for punitive damages.

Plaintiffs' trespass cause of action asserts that debris, pipes, dirt and other items belonging to the Defendants remain on Plaintiffs' property to which

Defendants have intentionally and maliciously failed to remove and a proximate cause denying Plaintiffs of use of their property and diminished value of property.

### 3. Legal Issues

Disputed legal issues concern Plaintiffs' ability to establish liability under the plead causes of action and damages. Defendants will seek to limit their liability based on statute of limitations defenses.

### 4. Motions

To date, the only motion filed has been the Notice of Removal on June 30, 2021, pursuant to diversity jurisdiction, 28 U.S.C. § 1332 (a).

The parties do not presently anticipate adding other parties or claims, or filing amended pleadings or transferring venue. Defendants anticipate the following motions may be appropriate:

A. Motions for summary judgment or partial motions for summary judgment;
B. Motions for judgment on the pleadings;
C. Daubert motions related to Plaintiffs' experts; and
D. Motions in Limine.

Defendants deny that Plaintiffs are entitled to any recovery. Defendants request an itemized breakdown of Plaintiffs' alleged present damages and any known or expected damages. As to most categories of Plaintiffs' claimed damages, Plaintiffs do not have to wait for the amounts to be established solely by expert opinion.

### 5. Amendment of Pleadings

None anticipated at this time.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and

proportionate steps taken to preserve evidence relevant to the issues reasonably at stake in this action.

### 7. Disclosures

The parties will make timely disclosures in compliance with Fed. R. Civ. P. 26(a)(1)(A) & (C). The disclosures made, as dictated by Fed. R. Civ. P. 26(a)(1)(A), will include the identification of those individuals known at the time the disclosure is made that are likely to have discoverable information and the subject matter of that information, the description of the documents and things to be used to support the claims and defenses in this matter, the categories of damages claimed by Plaintiffs, and applicable insurance agreement(s) if any. The parties understand that the initial disclosures will relate to witness, information, and documents, applicable to issues common among all parties, while any defendant-specific witness, information, and documents will be identified in response to special discovery served by the parties.

### 8. Discovery

Written discovery has been exchanged under the Federal Rules of Civil Procedure. Depositions of the plaintiffs Donald Chen and Stephanie Chan were taken and completed on June 16, 2022.

      i. Depositions of Disclosed Expert Witnesses

Subpoenas will not be required for depositions of retained experts disclosed pursuant to Federal Rules of Civil Procedure, Rule 26 ("Disclosed Experts"), and a notice of deposition to the designating party will be sufficient. Depositions of Disclosed Experts shall be conducted promptly and in an orderly manner and expert disclosures will go forward on June 30, 2022.

### 9. Class Actions

Not applicable.

### 10. Related Cases

There are no related cases pending.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER

11. **Relief**

Plaintiffs seek general damages and special damages as well as exemplary or punitive damages in excess of $10,000.00. Defendants deny that Plaintiffs are entitled to any recovery.

12. **Settlement and ADR**

The parties consent to ADR and will review the court's mediation panel.

13. **Consent to Magistrate Judge for All Purposes**

The parties consent to the assignment of this matter to a Magistrate Judge.

14. **Other References**

Not applicable.

15. **Narrowing of Issues**

At this juncture, the parties are unaware of any issues that can be narrowed prior to the close of discovery.

16. **Expedited Trial Procedure**

The parties are amenable to court protocols current assignment of trial and deadlines.

17. **Trial**

The Parties estimate a jury trial of 3 days.

18. **Disclosure of Non-party Interested Entities or Persons**

Parties have filed Certification of Interested Entities or Persons with the court.

19. **Professional Conduct**

All attorneys of record for the parties have or will have reviewed the Guidelines for Professional Conduct for the Northern District of California by the Case Management Conference.

20. **Other**

Not applicable.

| | | |
|---|---|---|
| 1 | Dated: June 22, 2022 | THE LAW OFFICE OF MARK C. WATSON, P.C. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | By: _____ |
| 6 | | Mark C. Watson |
| 7 | | Thomas N. Palmer |
| | | Attorneys for Plaintiffs |
| | | DONALD CHEN and STEPHANIE CHAN |
| 8 | | |
| 9 | Dated: June 22, 2022 | FARMER, CASE, & FEDOR, LLP |
| 10 | | |
| 11 | | |
| 12 | | By: _____ |
| 13 | | Maxine Harvey |
| | | Anthony Case |
| 14 | | Attorneys for Defendant |
| | | CHENG HU |
| 15 | Dated: June 22, 2022 | DEMLER, ARMSTRONG & ROWLAND, LLP |
| 16 | | |
| 17 | | |
| 18 | | By: _____ |
| 19 | | P.M. Bessette |
| | | Attorneys for Defendant |
| | | CHENG HU |

| | | |
|---|---|---|
| Dated: June 22, 2022 | | THE LAW OFFICE OF MARK C. WATSON, P.C. |

By: _____
    Mark C. Watson
    Thomas N. Palmer
    Attorneys for Plaintiffs
    DONALD CHEN and STEPHANIE CHAN

Dated: June 22, 2022    FARMER, CASE, & FEDOR, LLP

By: _____
    Maxine Harvey
    Anthony Case
    Attorneys for Defendant
    CHENG HU

Dated: June 22, 2022    DEMLER, ARMSTRONG & ROWLAND, LLP

By: _____
    P.M. Bessette
    Attorneys for Defendant
    CHENG HU

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES
DISTRICT/MAGISTRATE JUDGE

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 101 Montgomery Street, Suite 1800, San Francisco, California  94104.

On June 27, 2022, I served the foregoing document(s) described as follows:

- **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**

on the interested parties in this action addressed as follows:

Mark C. Watson
Thomas N. Palmer
THE LAW OFFICES OF MARK C. WATSON, P.C.
533 Airport Blvd., Suite 100
Burlingame, CA  94010
Telephone:   (650) 692-4001
Facsimile:   (650) 692-4004
Email:           markw@markcwatson.com
                     tomp@markcwatson.com
                     geraldinet@markcwatson.com
                     OliviaB@markcwatson.com
*Attorneys for Plaintiffs*

Anthony T. Case, Esq. (SBN 149583)
FARMER CASE & FEDOR
402 West Broadway, Suite 1100
San Diego, California 92101
Telephone:   (619) 338-0300
Facsimile:   (619) 338-0180
Email:           tcase@farmercase.com
                     pfryer@farmercase.com
*Co-Counsel for Defendants*
*CHENG HU and XIAO LIANG*

☐      BY MAIL – I placed the document(s) listed above in a sealed envelope and place the envelope for collection and mailing on the date below following the firm's ordinary business practice.  I am readily familiar with the firm's practice of collection and processing for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in San Francisco, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presume invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE – I caused personal delivery of the document(s) listed above to the person(s) at the address(es) set forth above.

☐ BY FACSIMILE TRANSMISSION – I transmitted via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

☐ BY ELECTRONIC TRANSMISSION – Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

☒ BY ELECTRONIC TRANSMISSION – I electronically served the above document(s) via CM/ECF on the recipients designated on the Transaction Receipt located on the CM/ECF website.

☐ BY ELECTRONIC TRANSMISSION – I transmitted electronically the document(s) listed above as set forth on the electronic service list on this date. before 5:00 p.m.

☐ BY FED EX – I placed the document(s) listed above in a sealed envelope designated for Fed Ex overnight delivery and deposited the same with fees thereupon prepaid, in a facility regularly maintained by Federal Express, addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 27, 2022, at San Francisco, California.

_____
Margarita Bermudez