1  P.M. Bessette (Bar No. 127588)
2  **DEMLER, ARMSTRONG & ROWLAND, LLP**
   101 Montgomery Street, Suite 1800
3  San Francisco, CA 94104
   Telephone:  (415) 949-1900
4  Facsimile:   (415) 354-8380
   Email:       bes@darlaw.com
5
6  Attorneys for Defendants
   CHENG HU and XIAO LIANG
7

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA

| DONALD CHEN and STEPHANIE CHAN, | Case No.: 3:21-cv-05065-SK |
|---|---|
|  | San Mateo County Superior Court Case No. 21-CIV-03001 |
| Plaintiffs, |  |
| v. | **NOTICE AND MOTION FOR FULL OR PARTIAL SUMMARY JUDGMENT** |
| CHENG HU and XIAO LIANG and DOES 1 through 10, inclusive, | Date:      October 3, 2022 |
| Defendants. | Time:      9:30 a.m. |
|  | Ctrm/Dept: Courtroom C, 15th Floor |
|  |            450 Golden Gate Ave. |
|  |            San Francisco, CA 94102 |
|  | Judge:  Magistrate Judge Sallie Kim |
|  | Complaint filed: June 1, 2021 |
|  | Action removed to this court: June 30, 2021 |
|  | Trial date: January 24, 2023 |

TO: THE CLERK OF THE COURT, THE ABOVE-NAMED PLAINTIFFS, AND THEIR COUNSEL OF RECORD.

Please take notice that on the above date and time, in the above court, located at 450 Golden Gate Avenue, Courtroom C, San Francisco, California 94102, Defendants Cheng Hu and Xiao Liang (Defendants) move the court for an

1

NOTICE AND MOTION FOR FULL OR PARTIAL SUMMARY JUDGMENT

order of full or partial summary judgment on Plaintiffs' Complaint.

## I. RELIEF REQUESTED

Defendants Cheng Hu and Xiao Liang (Defendants) move the court for an order of full summary judgment on all causes of action asserted against them in Plaintiffs Donald Chen and Stephanie Chan's ("Plaintiffs'") Complaint. In the alternative, Defendants move for partial summary judgment each and any of the causes of action for Nuisance and Trespass, the request for injunctive relief and/or the prayer for punitive damages.

The grounds for the motion are that Plaintiff cannot meet one or more elements essential to the forgoing causes of action and/or requests for relief. This motion is based upon this Notice and Motion, the Request for Judicial Notice, the Declaration of P.M. Bessette, submitted herewith; documents moving parties subsequently may file in support of the motion; evidence and argument that may be presented at the hearing on this matter; the records and files herein; and any such other matters the court properly may consider.

## II. POINTS AND AUTHORITIES

### A. Allegations In The Pleadings

Plaintiffs' Complaint (Dkt. No. __), was filed June 1, 2021 and alleges that they are the owners of real property with the address 200 Robinwood Lane, Hillsborough, CA 94010 ("Plaintiffs' Property"). Defendants owned property uphill of Plaintiffs' Property with the address 325 Moseley Road, Hillsborough, CA 94010 ("Defendants' Property").

On a non-specified date, a mudslide emanating from Defendants' Property slid onto Plaintiff's Property, depositing soil and debris thereon. Plaintiffs sought Defendants' assistance in cleaning up the soil and debris on Plaintiffs' property. Defendants initially agreed to assist but never did participate in clean-up efforts. The failure to clean up the soil and debris constitutes a nuisance interfering with Plaintiffs' use and enjoyment of their property. Plaintiffs allege that Defendants'

failure to clean up the soil and debris was intentional and in conscious disregard of Plaintiffs' rights.

Based upon the forgoing facts, Plaintiffs allege causes of action for nuisance and trespass[1]. Plaintiffs seek compensatory and punitive damages and injunctive relief. With regard to the latter, they apparently seek an order directing Defendants to clean up the soil and debris on Plaintiff's property.

There are no allegations in the Complaint that the mudslide was the result of negligent, reckless, or intentional conduct or ultrahazardous activity. Plaintiffs' complaint is over Defendants' failure to clean up the soil and debris on Plaintiffs' land.

In their Answer, Defendants admit that a mudslide occurred on their property on February 8, 2017 and that there were communications between the parties regarding their participation in cleanup of the same on Plaintiff's Property. Defendants deny that they ever agreed to so participate. They admit that they refused to participate in clean-up efforts on Plaintiffs' Property.

### B. Relevant Evidence

The subject mudslide occurred on February 8, 2017, following heavy winter rains. In response to the slide, the Town of Hillsborough was contacted, and Tim Anderson of the Building/Engineering/PW Department visited the site on February 9, 2017 and issued a Field Report/Correction Notice to the Plaintiffs. (Declaration of P.M. Bessette ("Bessette Decl."), **Exhibit A**.) The Field Report advised the Plaintiffs that their neighbors at 325 Moseley were "having some soil issues" and requested that if the Plaintiffs observed any "soil or water flowing from the hillside" to contact the Town "immediately." In the ensuing months, the parties communicated on proposals to shore-up and beautify the slope. Characterizations proffered by Plaintiffs to the effect that the communications rose to the level of a "promise" by Hu and Liang to pay for Plaintiffs' repairs are simply not accurate.

---

[1] Plaintiffs' negligence claims are barred by the statute of limitations.

3

(Bessette Decl., **Exhibit B**.)  In the Spring of 2021, Hu and Liang placed their home on the market and this lawsuit ensued.

Following the removal of this action to the United States District Court, discovery commenced whereby the parties exchanged written discovery (See Bessette Decl., **Exhibits C**, **D**, **E** and **F**.)  Plaintiffs submitted to depositions and expert reports were exchanged.  Throughout the course of discovery, Plaintiffs did not produce facts, witnesses, or documents to satisfy the required needs of their causes of action.

- *Written Discovery* – Defendants served plaintiffs with Interrogatories, Request for Production of Documents and Requests for Admissions. Plaintiffs' responses to the Defendants' discovery failed to include any facts, witnesses or documents in support of a claim that the acts or inaction of Defendants caused the subject mudslide.  (Bessette Decl., ¶ 9.)  In particular, Plaintiffs' Responses to Interrogatories seeking information relating to the cause of the subject mudslide repeated the same factual statement relative to the events of the slide and the failure to have it cleaned up and only stated that: "The Defendants did not have a retaining wall that could adequately prevent this flow of loose soil and debris."  (Bessette, Decl., **Exhibits E and F**.)
- *Deposition Testimony* – When asked at deposition about support for their claims against the Defendants, Plaintiff both denied having any knowledge of Defendants' conduct being causally related to the mudslide.
    - Donald Chen testified as follows:
      Q.  Sir.  In your mind, is there anything that my   clients did that intentionally caused the mudslide?
      A.  No.

      Q.  Do you have an opinion -- or are you aware of   any facts that my clients performed acts that c   caused the   mudslide?

4

     A.  No.

     Q.  Are you aware of anything that my clients did6   not do that caused the accident?

     A.  No.

     Q.  Just to confirm, you're not going to express any20   opinion one way or another as to what caused the mudslide, correct?
     A.  Right.

(Bessette, Decl., **Exhibit H**, Pages 42:23-25 - 43:1-7; Page 44:19-22)

- Stephanie Chan testified as follows:
  Q.  Do you have any information that there was something that my clients did that caused the mudslide?
  A.  It just happened.  I don't know.
  Q.  Okay.  Do you have any information that there's something that my clients did not do that caused the mudslide?
  THE WITNESS:  It's no.

  (Bessette, Decl., Exhibit I, Page 15:9-25 - 16:1-3)

- *Expert Report* - In response to a request for expert information, Plaintiffs produced the June 30, 2022 geological report of Cotton, Shires and Associates.  (Bessette Decl., **Exhibit G**.)  The report is notable for a detailed rendition of the facts and its failure to attribute any fault to the Defendants.  In the "Preliminary Conclusions and Recommendations" section of the report, it addresses a description of the site and remediation efforts that have taken place since the mudslide, including the installation of an engineered retaining wall, and outlines further efforts that are needed to remediate Plaintiffs' Property.  The section does not attribute any fault to the Defendants for the February 8, 2017 mudslide.

5

### C. **Legal Authorities and Argument**

#### 1. *Summary Judgment Standard*

Summary judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) "mandates" the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an essential element of his or her case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986) "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325; See also *Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir. 1990). Once the moving party has discharged its burden, the nonmoving party must respond with admissible evidence of specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c).

To defeat a properly supported motion for summary judgment, the opposing party must present more than a scintilla of evidence to support the complaint. *Fazio v. City & County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir. 1997), citing *Anderson.* A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *Id., Matsushita Electrical Industry Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587 (1986). The sufficiency of the evidence presented by the nonmoving party must be evaluated in light of the burden of proof the nonmovant will have at trial. *Anderson,* at 254. If the evidence presented will not carry the nonmovant's burden of proof at trial, then summary judgment is appropriate. *Id.*

#### 2. *Plaintiffs Cannot Establish a Cause of Action for Nuisance*

California Civil Code Section 3479 provides that:

> Anything which is injurious to health, including, … or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property… is a nuisance.

Plaintiffs claim they suffered harm because Hu and Liang created a nuisance. To establish a cause of action for nuisance CACI No. 21 provides that Plaintiff must prove <u>all</u> the following elements of nuisance:

> 1) Plaintiff owned/occupied the property;
> 2) That Defendant's action or failure to act created a condition that was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property;
> 3) That Defendant's conduct in acting or failing to act was intentional and unreasonable, unintentional, but negligent, or reckless - the condition that defendant created or permitted to exist was the result of an abnormally dangerous activity;
> 4) That this condition substantially interfered with Plaintiffs' enjoyment of their Property,
> 5) That an ordinary person would be reasonably annoyed or disturbed by Defendant's conduct,
> 6) That Plaintiff did not consent to Defendant's conduct,
> 7) That Plaintiff was harmed,
> 8) That Defendant's conduct was a substantial factor in causing that harm, and
> 9) That the seriousness of the harm outweighs the public benefit of Defendant's conduct.

Private nuisance liability depends on some sort of conduct by the defendant that either "directly and unreasonably interferes with the plaintiff's property or creates a condition that does so." (*Lussier v. San Lorenzo Valley Water Dist.* (1988) 206 Cal.App.3d 92, 100.) Element 2 requires that the defendants have "acted to create a condition or allowed a condition to exist by failing to act. The act that causes the interference may be intentional and unreasonable. Or it may be unintentional but caused by negligent or reckless conduct. Or it may result from an abnormally dangerous activity for which there is strict liability. However, if the act is intentional but reasonable, or if it is entirely accidental, there is generally no liability." (*Lussier*, supra, 206 Cal.App.3d at p. 100.)

1  Here, there is no evidence that Hu and Liang's actions or failure to act
2  created the mudslide that obstructed Plaintiffs' use of Plaintiffs' Property.
3  Specifically, there is no evidence that the rainstorm and ensuing landslide were
4  triggered by any action or inaction on the part of the defendants.

        *3.      Plaintiffs Cannot Establish a Cause of Action for Trespass*

Plaintiffs allege that debris, pipes and other items belonging to Hu and Liang are now on their property and therefore a trespass has occurred. The debris that was part of a landslide, caused by a heavy rainstorm, did not move to Plaintiffs' property due to any intentional, negligent or reckless conduct of Hu and Liang.

Trespass is an unlawful interference with possession of property.' [Citation.] The elements of trespass are: (1) the plaintiff's ownership or control of the property; (2) **the defendant's intentional, reckless, or negligent entry onto the property**; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." (*Ralphs Grocery Co. v. Victory Consultants, Inc*. (2017) 17 Cal.App.5th 245, 261–262 (Victory Consultants).)

Here, there is no evidence that the rainstorm and ensuing landslide were triggered by any intentional, reckless or negligent action or inaction on the part of Hu and Liang, therefore there was no trespass.

Dated:  August 9, 2022        DEMLER, ARMSTRONG & ROWLAND, LLP

By: _____
    P.M. Bessette
    Attorneys for Defendants
    CHENG HU and XIAO LIANG