Mark C. Watson, C.S.B. #178980
Thomas N. Palmer, C.S.B. #322368
**THE LAW OFFICES OF MARK C. WATSON, P.C.**
533 Airport Blvd., Suite 100
Burlingame, CA 94010
Telephone: (650) 692-4001
Facsimile: (650) 692-4004

Attorney for Plaintiffs
Donald Chen and Stephanie Chan

UNITED STATE DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CHEN and STEPHANIE CHAN<br><br>Plaintiffs,<br><br>v.<br><br>CHENG HU and XIAO LIANG and DOES 1-10 inclusive<br><br>Defendants | CASE NO.: 3:21-CV-5065<br><br>**OPPOSITION TO MOTION FOR FULL OR PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 3, 2022<br>Time: 9:30 a.m.<br>Ctrm/Dept: Courtroom C, 15th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>Judge: Magistrate Judge Sallie Kim<br><br>Complaint filed: June 1, 2021<br>Action removed to this court: June 30, 2021<br>Trial date: January 24, 2023 |

## I. Introduction

Plaintiffs Donald Chen and Stephanie Chan live at 200 Robinwood Lane, in Hillsborough CA, 94010. Their neighbors Cheng Hu and Xiao Liang lived at 325 Moseley Road, Hillsborough CA, 94010. A mudslide emanating from Defendants' property caused debris and soil from the Defendants' property to slide down into the Plaintiffs' property. Importantly, the slide rendered the Plaintiff's pool unusable. The pool was one of the reasons why the Plaintiff's bought the property, and a key factor in the value and enjoyment of the property.

Plaintiffs obtained an estimate for $185,000 to remove all the debris and repair the damage to the property, and requested that the Defendants pay the cost of repairs. Damages are

ongoing, as the Defendants have failed to help remedy the situation. Plaintiffs have filed a Complaint against Defendants for Nuisance, and Trespass, in San Mateo Superior Court. Defendants filed a request for Removal to Federal Court based on diversity jurisdiction.

Defendants are now filing a Motion for Summary Judgment, claiming that it was not responsible for the mudslide in 2017, and arguing that is an essential element of Plaintiffs' claims against the Defendants. However, Plaintiff's claims against the Defendants are instead based on the fact that after the landslide, Defendant had a duty to help remove the soil from Plaintiffs Property. Additionally while Plaintiffs' expert witness notes improvements the Defendants made to the retaining wall after the mudslide, it failed to make the improvements prior to the mudslide which could have helped to prevent the mudslide.

**II. Facts**

Plaintiffs have alleged facts to support a complaint for both trespass and nuisance causes of action. *See* Plaintiff's Complaint for Nuisance and Trespass filed on June 1, 2021. Plaintiffs own the property at 200 Robinwood Lane, in Hillsborough CA, 94010. Complaint at ¶1, and Declaration of Donald Chen at ¶1. In 2017, a mudslide from the Defendants' property left a mass of loose soil on Plaintiffs Property, including filling up the Plaintiffs' pool so that it could not be used, without removing the soil. *Id.* at ¶2-3. The Defendants' retaining wall was not tall enough, and was buried under the landslide. See Report from Cotton Shires and Associates dated June 30, 2022. Defendants were obligated to help remove the soil. Declaration of Donald Chen at ¶6. When Plaintiff's attorney contacted Defendant to request their assistance, Defendants agreed. Declaration of Donald Chen at ¶7-8 Plaintiff's attorney told Defendants they were responsible for the soil, that it came from their property, and that Defendants needed to help remove it from the Plaintiffs' property. *Id.* Defendants' agent agreed with Plaintiffs' attorney, 100%. *Id.* Later Defendants reneged on this agreement. *Id.* The soil continues to be in the Plaintiff's property, and the Defendants have continued to fail to remove the obstruction despite repeated requests from Plaintiffs. *Id.* at ¶9.

Plaintiffs filed their request for Trespass and Nuisance based on Defendants' failure to help with the removal of the obstruction to Plaintiff's property.

### III. Argument

#### A. The Plaintiff's Nuisance Claim has a Genuine Dispute to be Adjudicated

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) Under California Civil Code Section 3479 an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. Under the CACI No. 21 Jury instructions the elements of nuisance are that 1) Plaintiff owned property, 2) that Defendants' action or failure to act created a condition that obstructed the Plaintiff's enjoyment of Property, 3) that Defendants' conduct in acting or failing to act was intentional, or negligent, 4) that the condition interfered with Plaintiffs' enjoyment of their Property, 5) that an ordinary person would be annoyed by Defendant's conduct, 6) that Plaintiff did not consent to Defendants' conduct, 7) that Plaintiff was harmed, 8) that Defendants' conduct was a substantial factor in causing that harm, and 9) that the seriousness of the harm outweighs the public benefit of Defendants' conduct.

Liability for nuisance may result from the failure to act. 13 Witkin, *Summary of California Law*, (11th edition Equity(2022) § 160. Thus, a possessor of land is liable for a private nuisance caused by an abatable artificial condition that is otherwise actionable, if the possessor (a) knows or should know of the condition and the nuisance or unreasonable risk of nuisance involved; (b) knows or should know that the condition exists without the consent of those affected by it; and (c) has failed after a reasonable opportunity to take reasonable steps to abate the condition or to protect affected persons. (See Cutujian v. Benedict Hills Estates Assn. (1996) 41 C.A.4th 1379, 1389, 49 C.R.2d 166.) *Id.*

Defendants are mistaken in their argument that they not responsible for damage caused by the initial landslide, which they claim excuses them from a claim of nuisance. They are also mistaken in their argument that there is not a material dispute over facts in this case. This claim is wrong on two counts.

First, the Defendants contend that Plaintiffs are responsible for the damage to Plaintiffs' property. The Plaintiffs were responsible for not having a sufficient retaining wall to

prevent the landslide from causing loose soil to migrate from Defendants Property onto Plaintiff's Property. Plaintiffs' expert report states that the mudslide buried the Defendant's retaining wall. This is evidence that the Defendants' retaining wall was insufficiently maintained to prevent loose soil from entering the Plaintiffs' property. Defendants themselves point to the fact that after the landslide they made repairs to their retaining wall, showing that it was not a proper height at the time of the landslide. The condition of the retaining wall before the mudslide is a material fact that goes to whether Defendants were responsible for the resulting damage to the Plaintiffs' property.

Secondly, the Defendants also were legally obligated to remove the loose soil that had come from their Property onto the Plaintiffs' property. The Plaintiffs had informed Defendants that the soil from the Defendants' property had come down into the Plaintiffs' property. The Plaintiffs made it clear to the Defendants that they did not consent to this nuisance, and demanded that Defendants help to remove the loose soil from the Property. Defendants did not help to remove the soil, which would have been a reasonable step to take to abate the nuisance. The Defendants had a responsibility as reasonable landowners to take care of the loose soil that spilled out of their property onto the Plaintiff's property. In addition they made promises to the Plaintiffs that they would help with the removal of soil. The failure of the Defendants to remove the soil from the Plaintiffs' property qualifies as a failure to act that has created the condition of the Plaintiffs' pool continuing to be unusable, as well as the soil continuing to obstruct the property, and preventing the Plaintiffs from using the pool.

The Plaintiffs were reasonably annoyed by Defendants' conduct, as it took away their ability to use their pool and fully enjoy their property, and they did not consent to it. Plaintiffs were harmed, and their property was harmed, and Defendants' conduct was a substantial factor in causing that harm. The seriousness of the harm outweighs any public benefit of the Defendants' conduct, because there is no public benefit to Defendants failure to help Plaintiffs repair the damage done to their property. In fact, repairing the situation benefits the public interest as it will make the property safer to use. This is an ongoing trespass and nuisance, that Defendant continually commits by intentionally failing to follow through on their promise to

Plaintiff to repair the damage done.

In this case, the disputed material facts are 1) whether Defendants were negligent in their maintenance of their property regarding having a maintaining wall that could prevent loose soil from descending onto the Plaintiff's property, and 2) whether Defendants' failed to abate the damage to Plaintiffs' property when they were legally obligated to do so. Because Plaintiffs have alleged facts sufficient for a claim of Nuisance, and provided enough support for there to be triable issues, the Defendants Motion for Summary Judgment against the Plaintiffs' claim for nuisance should be denied.

### B. The Plaintiff's Trespass Claim has a Genuine Dispute to be Adjudicated

The elements of trespass are: (1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." (*Ralphs Grocery Co. v. Victory Consultants, Inc.* (2017) 17 Cal.App.5th 245, 261–262 (Victory Consultants).)

Plaintiffs own the property at 200 Robinwood Lane, in Hillsborough CA, 94010. Plaintiffs' position is that Defendants are liable for the damage caused to the Plaintiff's property; and because they have not acted to remove the loose soil, they are liable for the ongoing damage. After the mudslide on their property, they promised to help Plaintiffs by removing the soil from Plaintiffs' property, but they never did, allowing a continuing condition that obstructed Plaintiffs' enjoyment of their property. Defendants' conduct was intentional because they did not properly repair the retaining wall, or remove the soil from Plaintiffs' property. They did not consent to the Defendants' soil entering the Plaintiffs' property. As a result, Plaintiffs have not been able to enjoy the full use of their property, and been unable to use their pool since 2017. The Defendants refusal to help remove the soil from Plaintiffs' property is a substantial factor in the harm persisting. Plaintiffs have alleged all the elements of Trespass and Defendants' Motion for Summary Judgment fails to show that there are no triable issues of fact. Because of this Defendants' Motion for Summary Judgment should fail.

The Defendants have not disputed that their soil went onto the Plaintiffs Property, so

there are undisputed facts showing an invasion of the Plaintiffs property from the Defendants' property. At the very least this is a negligent entry from the Defendants property, which the Defendants have failed to properly abate, and which is grounds to continue the Trespass claim.

**IV. Conclusion**

      Defendants' motion for summary judgment should fail because there is a genuine dispute over material facts. Plaintiffs contend that Defendant's retaining wall was not sufficient to prevent the landslide from causing soil to enter the Plaintiffs' property, and that Defendants had a responsibility to clean up the loose soil, and their failure to do so is the cause of the damage to the Plaintiff's property, which is grounds for both a Trespass and a Nuisance Claim.

DATED: 8/23/22

Respectfully Submitted,

_____
Mark C. Watson, Esq.
Attorney for Plaintiffs Donald
Chen and Stephanie Chan