1  P.M. Bessette (Bar No. 127588)
   DEMLER, ARMSTRONG & ROWLAND, LLP
2  101 Montgomery Street, Suite 1800
3  San Francisco, CA 94104
   Telephone:  (415) 949-1900
4  Facsimile:   (415) 354-8380
   Email:        bes@darlaw.com
5
6  Attorneys for Defendants
   CHENG HU and XIAO LIANG
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11 | DONALD CHEN and STEPHANIE CHAN, | Case No.: 3:21-cv-05065-SK |
12 | | San Mateo County Superior Court Case No. 21-CIV-03001 |
13 | Plaintiffs, | |
14 | v. | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |
15 | CHENG HU and XIAO LIANG and DOES 1 through 10, inclusive, | |
16 | | |
17 | Defendants. | Date:        October 3, 2022<br>Time:        9:30 a.m.<br>Ctrm/Dept: Courtroom C, 15th Floor<br>                450 Golden Gate Ave.<br>                San Francisco, CA 94102<br>Judge:  Magistrate Judge Sallie Kim |
18 | | |
19 | | |
20 | | |
21 | | Concurrently submitted documents: Objections to Evidence and Supplemental Declaration of P.M. Bessette |
22 | | |
23 | | |
24 | | Complaint filed: June 1, 2021<br>Action removed to this court: June 30, 2021<br>Trial date: January 24, 2023 |
25 | | |
26 | | |

27
28

# TABLE OF CONTENTS

I.    SUMMARY OF REPLY ................................................................................. 1
II.   ARGUMENT ON REPLY .............................................................................. 1
    A.    Parties' Respective Burdens on Summary Judgment. .......................... 1
    B.    There is No Strict Liability for Nuisance or Trespass; Plaintiffs Must Produce Evidence Defendants Were at Fault – They Have Failed to Produce Sufficient Admissible Evidence to Create an Issue of Fact. ....................................................................................... 3
    C.    Defendants Have no Obligation to Remove Debris on Plaintiffs' Land That They Did Not Tortiously Cause it to Be There. ................................................................................................... 7
    D.    Defendant's Alleged Promise To Remove The Soil Is Not Supported By The Evidence, And In Any Event Cannot Support a Claim Sounding in Contract or Promissory Estoppel .......... 9
    E.    Plaintiffs' Own Evidence Establishes that, After the February 2017 Landslide, for Which Defendants Are Not Legally Liable, Defendants did Not Commit any Continuing Nuisance or Trespass ............................................................................................. 10
    F.    Plaintiffs Have Failed to Make an Adequate Showing of Entitlement to Punitive Damages....................................................... 11
III.  CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Adams v. City of Chicago*
  (7th Cir. 2006) 469 F3d 609 ................................................................................... 5

*Anderson v. Liberty Lobby, Inc.*
  (1986) 477 U.S. 242, 252, 106 S.Ct. 2505 ................................................... 2, 3, 12

*Celotex Corp. v. Catrett*
  (1986) 477 US 317, 322, 106 S.Ct. 2548 ............................................................ 2, 3

*City of Pasadena v. Superior Court*
  (2014) 228 Cal.App.4th 1228 ................................................................................ 5

*Crescent Plaza Hotel Owner, L.P. v. Zurich American Ins. Co.*
  (7th Cir. 2021) 20 F4th 303 ................................................................................... 6

*Daubert v. Merrell Dow Pharms., Inc.,*
  (1993) 509 U.S. 579, 596, 113 S. Ct. 2786 ........................................................... 3

*Devereaux v. Abbey*
  (9th Cir. 2001) 263 F3d 1070 ................................................................................ 2

*Diehl v. Blaw-Knox*
  (3rd Cir. 2004) 360 F3d 426 ................................................................................. 5

*Johnson v. Hix Wrecker Service, Inc.*
  (7th Cir. 2011) 651 F3d 658 .................................................................................. 2

*Lussier v. San Lorenzo Valley Water Dist.*
  (1988) 206 Cal. App. 3d 92 ......................................................................... 4, 8, 11

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*
  (1986) 475 U.S. 574, 586, 106 S.Ct. 1348 ............................................................ 2

*Mendez v. Rancho Valencia Resort Partners, LLC*
  (2016) 3 Cal. App. 5th 248, 262 .......................................................................... 11

*Minter v. Prime Equip. Co.*
  (10th Cir. 2006) 451 F3d 1196 .............................................................................. 6

*Simmonds v. Genesee County*
  (6th Cir. 2012) 682 F3d 438 .................................................................................. 3

*Sprecher v. Adamson Companies*
  (1981) 30 Cal. 3d 358 ......................................................................................... 4, 6

*Turpin v. Merrell Dow Pharmaceuticals, Inc.,*
  959 F.2d 1349 (6th Cir. 1992) ............................................................................... 3

*US Ecology, Inc. v. State of California*,
  (2005) 129 Cal. App. 4th 887 .............................................................................. 10

*Williams v. State of California*
  (1983) 34 Cal. 3d 18..................................................................................................8

**<u>Statutes</u>**

California Civil Code §3294...................................................................................12
Civil Code §1714......................................................................................................9
Federal Rule of Civil Procedure 56(c)(1)(B).............................................................2

I.   SUMMARY OF REPLY

Defendants met their initial burden of demonstrating that Plaintiffs did not have sufficient facts to establish Defendants' culpability (intentional and unreasonable conduct, reckless or negligent conduct, or abnormally dangerous activity) to support Plaintiffs' nuisance and trespass causes of action. The burden then shifted to Plaintiffs to identify <u>specific</u> and <u>sufficient</u> evidence to create a disputed issue material fact, which burden they failed to meet.

Defendants did not tortiously cause the landslide onto Plaintiffs' property and therefore owed no duty to clean it up. Nor did they promise to do so, and even if they did, there is no evidence that any such promise was supported by consideration or that Plaintiffs detrimentally relied upon it. Further, there is no evidence that any current water seepage is the result of any tortious conduct of the Defendants, that it substantially interferes with Plaintiffs' use and enjoyment of their property, or that Plaintiffs have suffered actual damage as a result thereof. The motion for summary judgment should be granted.

Alternatively, if the court finds that there are issues of material fact preventing entry of summary judgment on the nuisance and trespass causes of action, there clearly is insufficient evidence -- that a trier of fact would find rising to the level of "clear and convincing" evidence of malice, oppression or fraud -- to support a claim for punitive damages, and Defendants are therefore entitled to summary disposition of Plaintiffs' prayer for punitive damages.

II.   ARGUMENT ON REPLY

A. Parties' Respective Burdens on Summary Judgment.

"Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

(*Celotex Corp. v. Catrett* (1986) 477 US 317, 322, 106 S.Ct. 2548, 2552; *Johnson v. Hix Wrecker Service, Inc.* (7th Cir. 2011) 651 F3d 658, 662.)

The moving party may carry its burden of production on summary judgment by "showing" the opposing party *lacks sufficient evidence* to carry its ultimate burden of persuasion at trial; i.e., it does not have evidence from which a jury could find an essential element of the opposing party's claim or defense. (FRCP 56(c)(1)(B); *Celotex,* 477 US at 325, 106 S.Ct. at 2554.)

That is, it is the opposing party's burden to show a triable issue of fact as to matters on which it will bear the burden of persuasion at trial: "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." (*Celotex*, 477 US at 323, 106 S.Ct. at 2552.) "[T]he *Celotex* 'showing' can be made by pointing out through argument the absence of evidence to support plaintiff's claim." (*Devereaux v. Abbey* (9th Cir. 2001) 263 F3d 1070, 1076.)

Defendants met their burden of production when, among other things, they demonstrated that the report of Plaintiffs' experts, produced as part of their Rule 26 disclosures, and Plaintiffs' own deposition testimony, did not contain any opinions or facts to support that the landslide was caused by any negligent, reckless, or intentional act, error or omission committed, or ultrahazardous activity engaged in, by Defendants. At that point, the burden shifted to Plaintiffs to designate specific facts demonstrating the existence of genuine issues for trial. (*Celotex,* 477 US at 324, 106 S.Ct. 2548.)

Plaintiffs' burden is not a light one. Plaintiffs must show more than the mere existence of a scintilla of evidence (*Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 252, 106 S.Ct. 2505) or that there is some "metaphysical doubt" as to the material facts at issue. (*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586, 106 S.Ct. 1348.) Simply put, Plaintiffs must come forth

1   with evidence from which a jury could reasonably render a verdict in their
2   favor. (*Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.) That evidence must be
3   sufficiently probative to permit a reasonable trier of fact to find in favor of the
4   opposing party. (*Id.* 477 U.S. at 249-250, 106 S.Ct. at 2511).

The opposing parties' evidence must be competent and admissible:

> "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue … [former] Rule 56(e) … requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" (*Celotex*, *supra*, 477 US at 323-324, 106 S.Ct. at 2553; *Simmonds v. Genesee County* (6th Cir. 2012) 682 F3d 438, 445.)

Additionally, in the event the trial court concludes that expert testimony is required, and Plaintiffs' expert evidence is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court may grant summary judgment. (*Daubert v. Merrell Dow Pharms., Inc.,* (1993) 509 U.S. 579, 596, 113 S. Ct. 2786, 2798; *Turpin v. Merrell Dow Pharmaceuticals, Inc.,* 959 F.2d 1349 (6th Cir. 1992) [affirming summary judgment where scientific evidence that provided foundation for expert testimony, viewed in the light most favorable to plaintiffs, was not sufficient to allow a jury to find it more probable than not that defendant caused plaintiff's injury], *cert. denied*, 506 U.S. 826, 113 S.Ct. 84 (1992).)

As demonstrated in the following subsections, Plaintiffs have failed to meet their burden of pointing to specific facts that demonstrate the existence of a material dispute that would preclude summary judgment for the Defendants.

**B. There is No Strict Liability for Nuisance or Trespass; Plaintiffs Must Produce Evidence Defendants Were at Fault – They Have Failed to Produce Sufficient Admissible Evidence to Create an Issue of Fact.**

Plaintiffs would have this court hold Defendants potentially liable for nuisance and trespass simply because the landslide debris emanated from

3

Defendants' property. Mere ownership of land from which the alleged nuisance emanates is not a basis to impose strict liability upon the Defendant landowners. (*Lussier v. San Lorenzo Valley Water Dist.* (1988) 206 Cal. App. 3d 92, 106.) Rather, nuisance liability must be based on (1) intentional *and* unreasonable conduct, or (2) unintentional but reckless or negligent conduct, or (3) abnormally dangerous activity. (Id. at 102.) The same liability standards apply to trespass causes of action. (*Id*. at 107.)

Plaintiffs do not allege in their Complaint or opposition papers that Defendants were engaged in abnormally-dangerous activity that caused the slide event. They further concede in their opposition papers that they must produce evidence that defendants intentionally, recklessly or negligently caused their damages (Plaintiffs' Opp. Brief  3:9; 3:20-21; 5:11).

Here, Plaintiffs' experts opine that the cause of the landslide was "high groundwater in the upslope portion of [Defendants] property." (Shires Decl. Exh. Pg. 2, ¶3). This is a natural condition. The California Supreme Court has held that when an alleged landslide affecting downhill property is caused by a natural conditions on one's property, an aggrieved downhill owner must prove that the uphill landowner was at least negligent in causing the landslide. (*Sprecher v. Adamson Companies* (1981) 30 Cal. 3d 358, 372.)

Moreover, as set forth in their opposition brief, Plaintiffs' theory of liability are (1) Defendants had an insufficient retaining wall to prevent landslide debris from migrating onto Plaintiffs' property (see Plaintiffs' Opposition Brief 3:28-4:2.), and (2) Defendants had a legal obligation to remove soil that had migrated from their property onto Plaintiffs and had in fact promised to do so (Id. 4:9-20). Since the basis of Plaintiffs'' complaint is, not that the Defendants affirmatively created the alleged nuisance but, that they failed to  take steps to prevent it or abate

it after it occurred, a negligence standard applies. (*City of Pasadena v. Superior Court* (2014) 228 Cal.App.4th 1228, 1236.)

Whether Defendants' retaining wall failed to meet the appropriate standard of care, the cause of the slide, and any causal relationship between Defendants' retaining wall and the deposit of slide debris on Plaintiffs' property are matters requiring scientific, technical, or other specialized knowledge within the scope of Rule 702 and therefore cannot be established absent qualified expert testimony. As mentioned in the moving papers, Plaintiffs' expert report, although long on its description of the current state of the parties' properties (including the fact that the current soldier pile and tie back wall are preventing further slides), recommendations for further investigation, and potential measures to avoid further landslides, is woefully devoid of any findings or conclusions as to any culpability on the part of Defendants in causing or failing to prevent the slide event. Thus, Plaintiffs have failed to demonstrate through expert testimony that the defendants' pre-slide wall was negligently designed, constructed or maintained, which negligence caused or contributed to the slide event.

Lacking any expert testimony, Plaintiffs solely rely upon the fact that, *after* the February 2017 landslide, Defendants built a soldier pile and tie-back wall on their property to avoid future landslides. (*Id.* 4:4-6; Shires Dec. Exh. "B" pg. 3). That Defendants took remedial measures after the accident to prevent further landslide damage is inadmissible to prove that they negligently failed to prevent the February 2017 landslide. (FRE 407).[1]

This is because evidence of a subsequent remedial measure is not evidence of a defendant's negligence; these measures can take place even in circumstances

---

[1] The Rule 407 exclusion rests on the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." (FRE 407, Adv. Comm. Notes; *Diehl v. Blaw-Knox* (3rd Cir. 2004) 360 F3d 426, 429-430; *Adams v. City of Chicago* (7th Cir. 2006) 469 F3d 609, 612.)

1  "equally consistent with injury by mere accident or through contributory
2  negligence." (FRE 407, Adv. Comm. Notes; *Minter v. Prime Equip. Co.* (10th Cir.
3  2006) 451 F3d 1196, 1211-1212 [application of Rule 407 must be guided by these
4  principles]; see *Crescent Plaza Hotel Owner, L.P. v. Zurich American Ins. Co.* (7th
5  Cir. 2021) 20 F4th 303, 311 [insurer's addition of communicable disease exclusion
6  to 2020 policy was not "tacit admission" that 2019 policy did not exclude losses
7  caused by viruses].)

8  Thus, the court cannot infer that, simply because the current soldier pile and
9  tie-back wall have prevented future landslides, that the previous retaining system
10 failed to comply with the adequate standard of care. In the absence of supporting
11 expert testimony, Plaintiffs' counsel's contention in the opposition brief that an
12 "insufficient retaining wall" constituted negligence or other culpable conduct,
13 resulting in the landslide[2] is pure lay speculation and will not create a disputed
14 issue of material fact.

15 Moreover, Plaintiffs have offered no evidence to support that the slide event
16 was reasonably foreseeable to Defendants and that they failed to take reasonable
17 steps to prevent. (*contrast Sprecher v. Adamson Companies* (1981) 30 Cal. 3d 358,
18 361 [in landslide case, Supreme Court reversed summary judgment for Defendant
19 uphill landowner, noting evidence that landslide activity had been evident since the
20 area was first developed in the early 1900's, and had been classified as active
21 because it exhibited periodic cycles of activity and dormancy – issues of fact
22 therefore existed as to whether Defendants knew or had reason to know of the
23 ongoing landslide activity but did nothing to abate the condition].)

---

[2] Defendants have objected to Plaintiffs' expert's opinions as to the cause of the landslide as high groundwater in the upslope (See Obj. to Plaintiffs' Evidence No. 5), but in any event, there is no evidence that, if that was the cause, Defendants had notice of the same or were otherwise negligent or otherwise culpable in addressing the issue to prevent a landslide.

6

Nowhere in the record is there evidence that Defendants were aware, prior to February 2017, that the slope on their property had a history of landslides or was unstable and likely to cause a slide. There is no evidence that there had been a landslide onto Plaintiffs' property prior to February 2017. There is no evidence that Defendants were aware that there was high groundwater on the upslope portion of their property, which could cause land to slide downhill. There is no evidence that Defendants had received government warnings or notices of dangerous or substandard conditions on their property likely to cause slide damage to downhill neighbors, or orders to take abatement measures. There is no evidence that, prior to February 2017, anyone asked Defendants to take steps to prevent downhill land movement onto property below and that they refused. What the evidence does reveal is that, once Defendants became aware of the unstable nature of their property (as a result of the February 2017 landside event), they retained engineers and construction crew to build a soldier pile and tie-back wall to prevent future slides (Supp. Bessette Decl. Exh. "A;" Shires Decl. Exh. "B" pg. 3, ¶2; pg. 4, ¶1). Thus, the only evidence is that, once they became aware of the slide danger, they took reasonable steps to abate the conditions and prevent future slides.

Under the circumstances, Plaintiffs have not produced evidence sufficiently probative to permit a reasonable trier of fact to find that Defendants engaged in intentional *and* unreasonable conduct, or unintentional but reckless or negligent conduct, or abnormally dangerous activity, which conduct caused the February 2017 landslide onto Plaintiffs' property.

### C. Defendants Have no Obligation to Remove Debris on Plaintiffs' Land That They Did Not Tortiously Cause it to Be There.

Plaintiffs argue, in the alternative, and <u>without citation to any authority whatsoever</u>, that defendants were "legally obligated to remove loose soil that had come from their Property onto the Plaintiffs' property" (Plaintiff's Opp. Brief 4:9-

7

10)³. Plaintiffs' legally-unsupported contention runs counter to the legal authorities cited in the above subsection to the effect that a Defendant has no nuisance or trespass liability to remedy damage already caused to a neighbor unless the Defendant landowner's conduct was intentional *and* unreasonable conduct, or unintentional but reckless or negligent conduct, or abnormally dangerous activity.

Again, no duty of removal arises simply because the soil emanated from Defendants' property (without evidence of any culpable conduct). (*Lussier v. San Lorenzo Valley Water Dist.* (1988) 206 Cal. App. 3d at 102 ["We do not intend to suggest, however, that one is strictly liable for damages that arise when a natural condition of one's land interferes with another's free use and enjoyment of his property. Such a rule would, quite anomalously, equate natural conditions with dangerous animals, ultrahazardous activities, or defective products, for which strict liability is reserved."])

And even if, after the February 2017 landslide, Defendants intentionally refused to remove the soil and debris from Plaintiffs' property, such intentional refusal is not actionable nuisance or trespass. To recover in tort, not only must the refusal be intentional, but it must be *unreasonable*. (*Lussier, supra.*, 206 Cal. App. 3d at 100 [intentional but reasonable conduct is not actionable].) To hold otherwise would run afoul of the well-established rule that a person who has not tortiously created a peril is not liable merely for failure to take affirmative action to assist or protect another unless there is some relationship between them that gives rise to a duty to act. (*Williams v. State of California* (1983) 34 Cal. 3d 18, 23.)

As discussed in the previous subsection, there is no strict liability simply because the slide originated from Defendants' property. There is no competent evidence that Defendants tortiously caused the landslide onto Plaintiff's property, and we have found no legal authority for the proposition that a special relationship

---

³ Defendants have objected to Chen's inadmissible legal conclusion in his declaration that Defendants were supposed to clean up the debris (See Obj. to Evidence No. 1).

8

exists between uphill and downhill landowners that would create a heightened duty beyond the general duty of care established under Civil Code §1714.) If Defendants had no legal duty to aid Plaintiffs in the removal of soil from Plaintiffs' property, their refusal to do so cannot be deemed unreasonable.

Accordingly, because they owed no duty to do so, Defendants' refusal to remove soil debris from the February 2017 landslide does not defeat summary judgment in their favor.

### D. Defendant's Alleged Promise To Remove The Soil Is Not Supported By The Evidence, And In Any Event Cannot Support a Claim Sounding in Contract or Promissory Estoppel

Plaintiffs also attempt to pin liability on defendants based upon an alleged promise to remove the landslide debris from Plaintiffs' property. The evidence does not support his claim. (see Obj. to Evidence Nos. 1-3 and Bessette Supp. Decl. Exh. "A.")

In support of his contention that Hu agreed to clean up the soil, Plaintiffs submitted an illegible response purportedly from Hu agreeing to clean up Plaintiffs' property (Chen Dec. Exh. "A"). A legible copy of the alleged "response" is attached to the Supplemental Declaration of P.M. Bessette as Exh. "A." It is authored by someone named "Komendi K."  There is no evidence in the record of the relationship between Komendi and Defendants. There is no evidence Komendi was Defendants agent and authorized to make the statements in this email on their behalves. Most importantly, nothing in this email indicates that the Defendants agreed to clean up soil that had been deposited on Plaintiffs' Property. Rather, Komendi stated that defendants had hired engineers and a construction crew to perform construction to prevent future slides. Thus, there is no evidence Defendants agreed to remove the soil from Plaintiffs' property.

And in any event, there is no claim for breach of contract or promissory estoppel alleged in the Complaint, and Plaintiffs point to no consideration that they

9

gave for Defendants' alleged promise to clean up their property (Civil Code §1550(4)) or any evidence that they reasonably relied upon the alleged promise to their detriment. (*US Ecology, Inc. v. State of California*, (2005)129 Cal. App. 4th 887, 901 [promissory estoppel cause of action requires proof of detrimental reliance upon the promise of another].)

For the forgoing reasons, Plaintiffs cannot point to any alleged promise to clean up their property, or that it would create any disputed issue of material fact that would defeat summary judgment.

### E. Plaintiffs' Own Evidence Establishes that, After the February 2017 Landslide, for Which Defendants Are Not Legally Liable, Defendants did Not Commit any Continuing Nuisance or Trespass

Nor is there any evidence that Defendants are liable for any continuing nuisance of trespass occurring after the February 2017 landslide. Although Plaintiff Chen states in his declaration that "…more [landslide debris] continues to trickle down [from Defendants' property]," Defendants have objected to that testimony because there is no foundation that he has the requisite scientific, technical, or other specialized knowledge within the scope of Rule 702 to testify to this opinion (See Obj. Plaintiffs' Evidence No. 4). On the contrary, his own experts state: "The completed soldier pile and tieback wall at 325 Mosley Road appears to be retaining the landslide debris on the upslope property under current conditions." (see Shires Decl. Exh. "B" p. 4 [first sentence under subsection titled "PRELIMINARY CONCLUSIONS AND RECOMMENDATIONS"].) Further, the fact that Defendants promptly retained engineers and construction crews after the February 2017 landslide to construct the soldier pile and tie-back wall to prevent future landslides demonstrates as a matter of law that their conduct was not intentionally unreasonable or negligent.

Plaintiffs have offered some evidence of current water seepage under the base of the property line soldier pile and tie-back wall, to which evidence

Defendants have objected (See Obj. to Plaintiffs' Evidence Nos. 5-7). First, Plaintiffs' complaint and opposition brief do not even refer to this water seepage as a basis for the nuisance and trespass claims, which is limited to debris and loose soil (see Comp. ¶¶24, 26, 29; Plaintiffs' Opp. Brief 2:15-26, 4:1, 4:13-20, 5:19-27).

But in any event, Plaintiffs' experts do not know the cause of this seepage and recommend further investigation (Id. pg. 4, ¶6). Thus, there is no evidence it was due to intentional and unreasonable conduct, negligence or abnormally-hazardous activity on the part of Defendants. (*Lussier v. San Lorenzo Valley Water Dist.* (1988) 206 Cal. App. 3d 92, 101, 107 [nuisance and trespass liability must be based on intentional *and* unreasonable conduct, or unintentional but reckless or negligent conduct, or abnormally dangerous activity].)

Further, there is no evidence the water seepage from Defendants property onto plaintiffs substantially interferes with their use and enjoyment of their property (*Mendez v. Rancho Valencia Resort Partners, LLC* (2016) 3 Cal. App. 5th 248, 262 [in order to recover for nuisance, interference must be substantial]) or that Plaintiffs have suffered any actual damage (as opposed to potential future damage that has not occurred to date) from it (CACI 2000(4) [no actionable trespass unless Plaintiff actually harmed by Defendants' entry].)

Thus, evidence of water seepage on Plaintiffs' property does not create a disputed issue of material fact that would prevent entry of an order of summary judgment in favor of Defendants.

### F. Plaintiffs Have Failed to Make an Adequate Showing of Entitlement to Punitive Damages

As demonstrated in the moving papers and above, there simply is no evidence of (1) intentional *and* unreasonable conduct, or (2) unintentional but reckless or negligent conduct, or (3) abnormally dangerous activity on the part of Defendants that caused Plaintiffs damage. But even if Plaintiffs could somehow

1  demonstrate some issue of material fact with regard to nuisance or trespass
2  liability, the evidence in the record is woefully insufficient to support a claim that
3  Defendants acted with malice, oppression or fraud in causing Plaintiffs' damages.
4  (See Cal. Civ. Code §3294).

5       Not only is the evidence insufficient to establish probable punitive-damage
6  liability, but it clearly does not meet the higher standard for "clear and convincing
7  evidence" required to establish a punitive—damage claim. (Cal Civ. Code §3294
8  [punitive damages must be proved by "clear and convincing" evidence]; *Anderson*,
9  *supra*, 477 US at 252-253, 106 S.Ct. at 2512 [where a "clear and convincing"
10 standard would apply at trial, a higher quantum of proof is required to defeat a
11 summary judgment.] Therefore, if the court does not grant summary judgment on
12 the nuisance and trespass causes of action, Defendants respectfully request that it
13 grant partial summary adjudication the claim for punitive damages and thereby
14 narrow the issues for further litigation.

### III.  CONCLUSION

16      For the reasons set forth in Defendants' moving papers and in these reply
17 papers, Defendants respectfully request that the court grant the motion for summary
18 judgment, or barring that, for partial summary judgment on the claim for punitive
19 damages.

Dated:  August 30, 2022       DEMLER, ARMSTRONG & ROWLAND, LLP

By: _____
P.M. Bessette
Attorneys for Defendants
CHENG HU and XIAO LIANG