P.M. Bessette (Bar No. 127588)
**DEMLER, ARMSTRONG & ROWLAND, LLP**
101 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone:   (415) 949-1900
Facsimile:   (415) 354-8380
Email:        bes@darlaw.com

Attorneys for Defendants
CHENG HU and XIAO LIANG

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CHEN and STEPHANIE CHAN,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CHENG HU and XIAO LIANG and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 3:21-cv-05065-SK<br><br>San Mateo County Superior Court Case No. 21-CIV-03001<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Date:         October 3, 2022<br>Time:         9:30 a.m.<br>Ctrm/Dept:   Courtroom C, 15th Floor<br>                  450 Golden Gate Ave.<br>                  San Francisco, CA 94102<br>Judge:  Magistrate Judge Sallie Kim<br><br>Concurrently submitted documents: Supplemental Declaration of P.M. Bessette and Reply Brief<br><br>Complaint filed: June 1, 2021<br>Action removed to this court: June 30, 2021<br>Trial date: January 24, 2023 |

1

Defendants and moving parties Cheng Hu and Xiao Liang hereby object to the following evidence presented by Plaintiffs Donald Chen and Stephanie Chan in opposition to the motion for summary judgment/partial summary judgment set for hearing on before this court:

| OBJ. NO. 1 | Evidence Objected To: Chen Decl. pg. 1, l. 28 "My neighbor Cheng Hu was supposed to help remove the debris." | |
|---|---|---|
| Grounds For Objection: | | |
| **Inadmissible legal conclusion**. *Nationwide Transport Finance v. Cass Information Systems, Inc.* (9th Cir. 2008) 523 F3d 1051, 1059-1060 [whether witness' testimony was expert or lay opinion, no abuse of discretion in excluding legal conclusion that defendant violated UCC].) | sustained _____ overruled _____ |

| OBJ. NO. 2 | Evidence Objected To: Chen Decl. Exh. "A" Illegible copy of alleged letter from Chen's previous attorney to Cheng Hu | |
|---|---|---|
| Grounds For Objection: | | |
| **Best evidence rule**. (FRE 1002.)  Although the exhibit purports to be a duplicate of an original letter and response, it is of poor quality and illegible. Defendants dispute that Hu agreed to clean up the soil and have offered, through the Supplemental Declaration of P.M. Bessette a true and correct copy of the response email (Supp. Decl. Bessette Exh. "A").  Under the circumstances, the court should exclude Plaintiffs' illegible Exh. "A."  (FRE 1003.) | sustained _____ overruled _____ |

| OBJ. NO. 3 | Evidence Objected To: Chen Decl. pg. 2, ll. 1-2 "[Cheng Hu's] response showing that he agreed to remove the soil." | |
|---|---|---|

| Grounds For Objection: | |
|---|---|
| **Best evidence rule.** *(FRE 1002.) United States v. Valdovinos-Mendez* (9th Cir. 2011) 641 F3d 1031, 1035 [testimony of custodian of document inadmissible to prove contents of writing].)<br><br>Supp. Bessette Decl. Exh. "A" is a true and legible copy of the email "response."  It was not authored by Cheng Hu.  There is no evidence of the relationship between the author and Defendants or the author's authority to make the statements therein on Defendants' behalves.  Finally, nothing in the email indicates that the Defendants agreed to clean up soil on Plaintiffs' property.  Rather, the email state that they already had hired engineers and a construction crew and begun to take steps to prevent *future* landslides.<br><br>Thus, it would be unfair to admit the plaintiff Chen's testimony in lieu of the actual legible email. (FRE 1003.) | sustained<br>_____<br><br>overruled<br>_____ |

| OBJ. NO. 4 | Evidence Objected To: Chen Decl. pg. 2, l. 4<br><br>"…more [landslide debris] continues to trickle down." | |
|---|---|---|
| Grounds For Objection: | | |
| **Unqualified expert opinion** (FRE 701(c)). No foundation has been laid that Chen has scientific, technical, or other specialized knowledge within the scope of Rule 702 to testify to this opinion. In fact, his own expert's report (adopted by Shires through his declaration) states: "The completed soldier pile and tieback wall at 325 Mosley Road appears to be retaining the landslide debris on the upslope property under current conditions." (see Shires Decl. Exh. "B" p. 4 [first sentence under subsection titled "PRELIMINARY CONCLUSIONS AND RECOMMENDATIONS"].) | | sustained<br>_____<br><br>overruled<br>_____ |

| OBJ. NO. 5 | **Evidence Objected To: Shires Decl. Exh. "B" (June 30, 2022 report) pg. 3-4**<br><br>All text under the subheading "SITE RECONNAISANCE" beginning with the text "On May 31, 2022…" and ending "…between 20 and 30 degrees." | |
|---|---|---|
| **Grounds For Objection:**<br><br>Inadmissible hearsay. Mr. Shires is relying upon the work and opinions of another expert (engineering geologist Wallace). Although Mr. Wallace signed the report, Plaintiffs did not submit any declaration from him under oath. (Rule 56(c)(4).) To the extent Shires (whose declaration Plaintiffs did submit) is relying upon Wallace's findings and conclusions, they were clearly not the type admissible under FRE 703, as his report was made specifically for litigation and produced under Rule 26 expert disclosure rules (*Holbrook v. Lykes Bros. S.S. Co., Inc.* (3rd Cir. 1996) 80 F3d 777, 781-782 [Reports, studies, data, etc. specifically prepared for purposes of litigation are generally not the type of information an expert would rely upon in forming an opinion]; see Supp. Bessette Decl. ¶8 concurrently filed herewith.) | | **sustained**<br>**_____**<br><br>**overruled**<br>**_____** |

| OBJ. NO. 6 | Evidence Objected To: Shires Decl. Exh. "B" (June 30, 2022 report) pg. 4<br><br>Text under the subheading "PRELIMINARY CONCLUSIONS AND RECOMMENDATIONS" as follows:  "The concentration of water seeping beneath the soldier pile and tieback wall at the northerly end likely raises pore pressures that reduces the stability of the slope below the wall." |
|---|---|

| Grounds For Objection: | |
|---|---|
| **Lacks foundation** (*Turner v. Burlington Northern Santa Fe R.R. Co.* (9th Cir. 2003) 338 F3d 1058, 1060-1062 [expert opinion based upon inadmissible hearsay report inadmissible].) This opinion is based upon the inadmissible findings of Mr. Wallace (see objection 6, above.) | sustained _____ overruled _____ |
| **Relevance** Plaintiffs' complaint and opposition brief do not refer to this water seepage as the basis for their nuisance or trespass causes of action.  Further, there is no evidence that the water seepage has substantially interfered with Plaintiffs' use and enjoyment of their property or caused any actual damage to Plaintiffs'' property. (*Mendez v. Rancho Valencia Resort Partners, LLC* (2016) 3 Cal. App. 5th 248, 262 [in order to recover for nuisance, interference must be substantial]; CACI 2000(4) [no actionable trespass unless Plaintiff actually harmed by Defendants' entry].) | |

| OBJ. NO. 7 | Evidence Objected To: Shires Decl. Exh. "B" (June 30, 2022 report) pg. 4 |
|---|---|
| | Text under the subheading "PRELIMINARY CONCLUSIONS AND RECOMMENDATIONS" as follows:  "We are unsure if the sewer leak was repaired, but if not, this may be contributing to the seepage observed at the base of the soldier pile and tieback wall." |

| Grounds For Objection: | |
|---|---|
| **Lacks foundation** (*Turner v. Burlington Northern Santa Fe R.R. Co.* (9th Cir. 2003) 338 F3d 1058, 1060-1062 [expert opinion based upon inadmissible hearsay report inadmissible].) This opinion is based upon the inadmissible findings of Mr. Wallace (see objection 6, above.) Further, Cotton Shires, etc. admits that it does not know the foundational fact as to whether the sewer leak was or was not repaired.) | sustained _____ overruled _____ |
| **Improper standard of proof** A causation opinion based on "may" is inadmissible.  (*Hall v. Conoco Inc.* (10th Cir. 2018) 886 F3d 1308, 1314 [expert witness "must … consider all *plausible* causes | |

5

and rule out the less plausible ones until only the most *likely* cause remains." -emphasis in original].)

Dated:  August 30, 2022          DEMLER, ARMSTRONG & ROWLAND, LLP

By: _____
P.M. Bessette
Attorneys for Defendants
CHENG HU and XIAO LIANG

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT