UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CHEN, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CHENG HU, et al.,<br><br>                    Defendants. | Case No.  21-cv-05065-SK<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 3, 2022, AT 9:30 A.M.  The Court intends to address the questions below at the hearing.  The Court advises the parties that it will not accept written answers to these questions.

The parties shall be prepared to address the following questions at the hearing:

(1)     Liability for nuisance "depends on some sort of conduct that either directly and unreasonably interferes with" the free use and enjoyment of one's property "or creates a condition that does so."  *Lussier v. San Lorenzo Valley Water Dist.*, 206 Cal. App. 3d 92, 100 (1988).  Moreover, the invasion must be caused by conduct that is: (1) intentional and unreasonable, (2) negligent or reckless, or (3) an abnormally dangerous activity for which there is strict liability.  In the absence of such conduct, "there is no liability."  *Id.*  "[W]here injury is allegedly caused by a natural condition, the imposition of liability on a nuisance theory, as a practical matter, requires a finding that there was negligence in dealing with it."  *Id.* at 102.

a.     What intentional and unreasonable, negligent, or reckless conduct do Plaintiffs contend Defendants engaged in which *caused* the mudslide?

United States District Court
Northern District of California

1

2

          b.      On what specific evidence in the record do Plaintiffs rely on to support this contention?

3

4

5

(2)     In the absence of any intentional and unreasonable, negligent, or reckless conduct which *caused* the mudslide, on what basis do Plaintiffs contend that that Defendants may be held liable for nuisance?  On what authority do Plaintiffs rely?

6

7

8

9

10

11

12

(3)     Similarly, "[t]respass is an unlawful interference with possession of property." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 261-62 (2017).  To prevail on a claim for trespass, Plaintiffs must demonstrate: "(1) [their] ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." *Id*. at 262.

13

14

          a.      What intentional, reckless or negligent *entry* onto the property do Plaintiffs contend Defendants did?

15

16

          b.      On what specific evidence in the record do Plaintiffs rely on to support this contention?

17

18

19

20

21

          c.      To the extent Plaintiffs argue Defendants are liable for their failure to remove the debris caused by the mudslide, on what authority do Plaintiffs rely to show that Defendants may be held liable for the failure to remove materials for which Defendants did not intentionally, recklessly, or negligently *cause* to come onto Plaintiffs' property?

22

23

24

25

26

(4)     Plaintiffs submit the preliminary findings from Cotton, Shires and Associates who cite to the geotechnical report by GeoForensics.  (Dkt. No. 40-2, Ex. B.)  The geotechnical report found that the landslide was caused by high groundwater and that landslide debris cascaded over the top of the retaining wall.  (*Id*.)  To the extend Plaintiffs argue that the retaining was insufficiently maintained, on what

27

/ / /

28

/ / /

2

(5) specific evidence in the record do Plaintiffs rely to show that Defendants intentionally, recklessly, or negligently failed to maintain the retaining wall?

**IT IS SO ORDERED**.

Dated: September 28, 2022



SALLIE KIM
United States Magistrate Judge