UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CHEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHENG HU, et al.,<br><br>    Defendants. | Case No. 21-cv-05065-SK<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Regarding Docket No. 39 |

This matter comes before the Court upon consideration of the motion for summary judgment filed by Defendants Cheng Hu and Xiao Liang ("Defendants"). Having carefully considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS Defendants' motion for the reasons set forth below.

## BACKGROUND

Defendants' property is adjacent to the home of Plaintiffs Donald Chen and Stephanie Chan ("Plaintiffs"). A landslide emanating from Defendants' property slid down into Plaintiffs' backyard. (Dkt. No. 1 (Plaintiffs' Compl., ¶ 3.) Loose soil and debris from Defendants' property remains on Plaintiffs' property and continues to obstruct Plaintiffs' use and enjoyment of their home. (*Id*., ¶ 4.) Plaintiffs filed claims for nuisance and trespass based on Defendants' refusal to remove the soil and debris which slid from their property onto Plaintiffs' property. (*Id*., ¶ 9-24, 26-29.)

Plaintiffs' expert Cotton, Shires and Associates, Inc. ("CSA") submitted its preliminary findings regarding the landslide in which CSA summarized its preliminary engineering geology and geotechnical engineering findings. (Dkt. No. 39-1 (Declaration of P.M. Bessette), Ex. G.) CSA's letter states in pertinent part:

> It is our understanding that the debris [deposited from Defendants' property] buried a retaining wall and partially filled a swimming pool on [Plaintiffs'] property during February of 2017. We further understand that during 2018 and/or 2019, the owner of the upslope property installed a shear pin (soldier pile) and tieback retaining wall to support only the landslide debris located within their property. It appears that the landslide debris deposited on the downslope property was not removed or supported with a retaining structure.

(*Id.*) To prepare its report, CSA reviewed documents from the City of Hillsborough regarding the 2017 landslide, reviewed aerial images using Google Earth Pro, and visited the backyard of Plaintiffs' property, all after the landslide had already occurred. (*Id.*)

CSA described a GeoForensics report in the City of Hillsborough's files which describes the findings of a geotechnical investigation of the landslide. (*Id.*) Neither party submitted a copy of the actual GeoForencics' report. According to CSA, GeoForensics concluded that the landslide occurred due to high groundwater in the upslope portion of the Defendants' property. The landslide debris then cascaded over the top of the retaining wall on Plaintiffs' property. (*Id.*)

CSA also reviewed a sewer inspection report from Discount Plumbing conducted in 2022. Photographs included with that report "indicate[] an area of damage and root intrusion approximately 161 feet from the entry point of the inspection." (*Id.*)

Lastly, CSA noted, based its "brief site inspection" on May 31, 2022 (more than five years after the landslide) and review of the available documents: "it appears that the 2017 landslide failed from the upslope property, toed out above the swimming pool retaining wall and cascaded debris over the wall, onto the pool deck and into the pool." (*Id.*) On that site inspection, CSA observed seepage coming from the base of the property line soldier pile and tieback wall that was installed after the landslide. (*Id.*)

When Donald Chen was deposed, he stated that he was not aware of anything Defendants intentionally did to cause the landslide or of any acts by Defendants that caused the landslide. Chen further testified that he was not aware of anything Defendants did or did not do that caused the landslide. (Dkt. No. 39-1, Ex. H (Deposition of Donald Chen) at 42:23-43:7.) Stephanie Chan testified in a similar manner. (Dkt. No. 39-1, Ex. H (Deposition of Stephanie Chan) at 15:9-16:3.) Before the landslide had occurred, Chan had not noticed any water or mud coming down onto their property from Defendants' property. (*Id.* at 16:11-16.)

2

Defendants move for summary judgment on the grounds that Plaintiffs have not demonstrated that Defendants' negligence or other conduct caused the landslide.

## ANALYSIS

**A.     Applicable Legal Standard on Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, set forth specific facts showing that there is a genuine issue for trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care to adequately point a court to the evidence precluding summary judgment because

3

a court is "not required to comb the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (citation omitted).  If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

**B.     Defendants' Motion for Summary Judgment.**

Liability for nuisance "depends on some sort of conduct that either directly and unreasonably interferes with" the free use and enjoyment of one's property "or creates a condition that does so." *Lussier v. San Lorenzo Valley Water Dist.*, 206 Cal. App. 3d 92, 100 (1988).  Moreover, the invasion must be caused by conduct that is: (1) intentional and unreasonable, (2) negligent or reckless, or (3) an abnormally dangerous activity for which there is strict liability.  In the absence of such conduct, "there is no liability." *Id.*  "[W]here injury is allegedly caused by a natural condition, the imposition of liability on a nuisance theory, as a practical matter, requires a finding that there was negligence in dealing with it." *Id.* at 102.

Similarly, "[t]respass is an unlawful interference with possession of property." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 261-62 (2017).  To prevail on a claim for trespass, Plaintiffs must demonstrate: "(1) [their] ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." *Id.* at 262.

Plaintiff does not have any evidence showing that Defendants caused the landslide by intentional, reckless or negligent conduct.  At most, Plaintiffs' proffered expert CSA prepared a report which cited to a report done by another company (GeoForensics) stating that the landslide occurred due to high groundwater on Defendants' property and that the landslide caused debris to cascade onto Plaintiffs' property.  (Dkt. No. 39-1, Ex. G.)

CSA noted that GeoForensics had concluded that the landslide occurred due to high groundwater in the upslope portion of the Defendants' property and that the landslide debris then cascaded over the top of the retaining wall on Plaintiffs' property.  (Dkt. No. 39-1, Ex. G.)  CSA does not opine as to whether Defendants were at fault or in any way negligent in causing the

4

landslide. (*Id.*)

At the hearing, Plaintiffs argued that Defendants had negligently maintained a retaining wall, but there is no evidence in the record to support that opinion. In fact, there does not appear to be any evidence that Defendants even had a retaining wall on their property before the landslide. Additionally, Plaintiffs suggested that Defendants could have negligently maintained the sewer line because their expert references a sewer inspection report from Discount Plumbing conducted in 2022 which found some damage and root intrusion. (*Id.*) However, again, there is no evidence in the record that Defendants were aware of or should have been aware of the damage and root impairment and negligently failed to take care of the sewer line before February 2017 when the landslide occurred. In fact, there is no evidence in the record to that the sewer line was damaged or impaired in any manner before the landslide. Lastly, Plaintiffs pointed to the seepage at the shear pin (soldier pile) and tieback retaining wall Defendants built after the landslide occurred. It is not clear how seepage at a retaining wall which did not exist at the time of the landslide could demonstrate that Defendants were negligent in some manner with respect to the landslide. Due to the complete lack of evidence in the record that Defendants intentionally, recklessly, or negligently caused or failed to prevent the landslide, the Court GRANTS Defendants' motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment. The Court will issue a separate judgment. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 5, 2022

_Sallie Kim_
SALLIE KIM
United States Magistrate Judge